> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2011[*]
Decided December 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1760

| | |
|---|---|
| FANCHON COURTNEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 2782 |
| CITY OF CHICAGO,[**] | |
| *Defendant-Appellee.* | Robert W. Gettleman, *Judge.* |

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

[**] The caption in the district court listed the Chicago Police Department as a defendant, but a police department is not a suable entity in Illinois. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). We have adjusted the caption accordingly.

**O R D E R**

Fanchon Courtney appeals the grant of summary judgment against her in this action under 42 U.S.C. § 1983, claiming that Chicago police officers unreasonably seized her property during a search of her home and that the City failed to train its officers in constitutional search-and-seizure protocol. We affirm.

Chicago police officers executed a search warrant at Courtney's home that authorized them to search Courtney's son and her residence and to seize cannabis, drug-dealing paraphernalia, records of drug transactions, illegal contraband, and any money constituting evidence of the possession of cannabis. The officers seized about $500 found in the home. Courtney successfully executed a claim under the Illinois Drug Asset Forfeiture Procedure Act (DAFPA), 725 ILCS 150/1, to have the money returned, but then filed this § 1983 action.

The district court granted summary judgment for the Department and the City, finding that Courtney had not demonstrated a genuine issue for trial regarding either her claim of unreasonable seizure or failure to train. Regarding the former claim, the court explained that the City and not the Police Department was the proper defendant, and in any event Illinois provided an adequate post-deprivation remedy—the DAFPA—for Courtney to seek relief for the seizure of her money. As for the latter claim, the court found that Courtney failed to offer supporting evidence of any contested issues of fact.

On appeal, Courtney first argues that the district court wrongly found the police department not to be a proper defendant. In her view, that the Department cannot be sued separately from the City means only that the City must be joined in any suit against the Department. She is mistaken; the Chicago Police Department is not a suable entity. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997).

She next argues that the court improperly found that her remedy under the DAFPA precluded suit based on a violation of the Fourth Amendment. Although the existence of a post-deprivation remedy does not foreclose relief for substantive constitutional violations, *see Daniels v. Williams*, 474 U.S. 327, 337–38 (1986); *McCullah v. Gadert*, 344 F.3d 655, 660 (7th Cir. 2003); *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988), summary judgment was nonetheless proper on this claim because the City is not vicariously liable for the unauthorized misconduct of its employees. *See Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691 (1987); *Hoskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). Even if Courtney had shown that individual police officers acted unreasonably in seizing her money, she did not assert in her unreasonable-seizure claim that the City had a policy or custom of encouraging Fourth Amendment violations. *See Monell*, 436 U.S. at 694.

Finally, she argues that the district court erred in granting summary judgment on her failure-to-train claim because some of the officers who searched her apartment are involved in other lawsuits alleging constitutional violations. But as the district court noted, the mere fact that an officer has been sued is not evidence of misconduct, much less a pattern of misconduct. And, in any event, Courtney failed to produce evidence showing that the seizure of her cash was unreasonable, as she must in order to recover on a theory of municipal liability. *See Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Officers acting within the scope of a valid warrant do not engage in official misconduct, *see Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011), and Courtney cites no authority for her assertion that the officers could not seize money without finding other evidence of a crime.

AFFIRMED